UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

NORTHERN KENTUCKY
PROFESSIONAL BASEBALL, LLC            CASE NO. 04-22256
                                                 CHAPTER 11

**MEMORANDUM OPINION**

This matter is before the court on the First Interim Application for Approval of Compensation for Services Rendered and Reimbursement of Expenses Incurred by Ulmer & Berne, LLP ("U & B"), Counsel for the Official Committee of Unsecured Creditors ("the Fee Application"). The Fee Application seeks the sum of $52,148.00 for services rendered and $1,503.77 for actual and necessary expenses incurred, for a total of $53,651.77 for the period from September 15, 2004 through February 14, 2005. The Fee Application represents that U & B does not anticipate filing any future applications for payment of fees and reimbursement of expenses.

Lori Schlarman, the Estate Representative, timely filed her Objection to First Interim Application ("the Objection"), and U & B filed its Response to Objection by Estate Representative ("the Response"). No other party objected to the Fee Application. The matter was heard on April 12, 2005, and taken under submission for decision.

    1.   Factual and procedural background

The Official Committee of Unsecured Creditors ("the Committee") filed its Application for Authority to Employ Ulmer & Berne, LLP as Counsel on September 23, 2004 ("the Employment Application"). The

1

Employment Application was accompanied by an Affidavit in Support which made the required representation of U & B's disinterestedness. The Affidavit in Support also named the attorneys who would render services, and set out the types of expenses for which compensation would be sought.  These included telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, photocopying charges, computerized research, transcription costs, and non-ordinary overhead expenses.  The Affidavit in Support further stated that charges for such expenses would be made in a manner and at rates consistent with charges made to other clients.  The two attorneys who were to render services during the pendency of the case were Richard G. Hardy ("Hardy") at the rate of $300.00 per hour and Reuel D. Ash ("Ash") at the rate of $225.00 per hour.  There were no objections to the Employment Application, and on October 8, 2004, an Order Granting Application was entered.

U & B filed its Fee Application on February 16, 2005.  The Estate Representative filed her objection on March 8, 2005.  She objects to the Fee Application on the following bases:

1. The Employment Application fails to state the proposed "retention" of law clerks at $125.00 per hour and paralegals at $130.00 per hour;

2. The Employment Application and the order approving it do not clearly recognize that any fee will be paid as an administrative fee along with other administrative fees, and to the extent that the estate has insufficient funds to pay all such fees, that it will be paid on a prorated basis;

3. The amount sought in the Fee Application is excessive in

      view of the benefit provided to the estate, particularly considering the "fee" proposed for law clerks and paralegals, the nature of duplicative work performed, and the fee being charged by Debtor's counsel for the same. The Estate Representative also objects to the request for reimbursement of expenses in regard to charges for computer-assisted legal research, the cost to qualify before the court, and charges for communications with the press;

4. Many of the specific time entries indicate duplicative review of e-mails or pleadings from other counsel, billing in excess of ten hours relating to the preparation of the Fee Application and in excess of eight hours to the preparation of retention pleadings;

5. Time spent discussing abstract legal questions and for research on law that is well known to bankruptcy practitioners should not be compensable;

6. The majority of paralegal time was expended in reviewing lien filings for mechanics lien holders when the identical information was already available in the form of a "lien book" prepared by counsel for the city of Florence and shared with U & B by Debtor's counsel.

The court will address each objection in turn.

2. <u>Legal discussion</u>

    a. <u>Applicable law</u>

The pertinent statutes to be considered in the context of this

Fee Application are Bankruptcy Code sections 1103, 328, 330, and 331. Subsection 1103(a) permits an unsecured creditors' committee to employ one or more attorneys, with the court's approval.  Pursuant to subsection 328(a), such employment may be "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Section 330 provides in pertinent part:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to section[] . . . 328 . . , the court may award to a . . . professional person employed under section . . . 1103--
>     (A) reasonable compensation for actual, necessary services rendered by the . . . attorney, and by any paraprofessional person employed by any such person; and
>     (B) reimbursement for actual, necessary expenses.
>   (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.
>   (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-
>     (A) the time spent on such services;
>     (B) the rates charged for such services;
>     (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>     (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>     (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(1)(2)(3).  Section 330(a)(3) codified the 12-factor formula set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and used by courts over the years to assess "reasonableness."  Section 331 provides for application for

compensation on an interim basis.

The burden is on the fee applicant to prove entitlement to fees. *In re Wildman*, 72 B.R. 700, 708 (Bankr. N.D. Ill. 1987). The starting point for determining an award of attorney fees is the application of the "lodestar" method, whereby "the attorney's reasonable hourly rate [is multiplied] by the number of hours reasonably expended." *In re Boddy*, 950 F.2d 334, 337 (6th Cir. 1991). "Once the applicant has met his burden of proof as to the reasonableness of the fee request, the burden shifts to the objecting party." *In re Marlar*, 315 B.R. 81, 86 (Bankr. W.D. Ark. 2004). It is the court's task to determine what is "reasonable."

        b.    The Estate Representative's objections

The Estate Representative's first two objections are addressed relatively easily. There is no Bankruptcy Code provision that requires professionals to seek "retention" of their employees such as paralegals and law clerks. In regard to the Employment Application and whether it clearly states that any fee will be paid as an administrative expense, review of the Employment Application reveals several references to the payment of any fee to U & B as an administrative expense. In addition, as stated in U & B's Response, "[i]t is a given that the fees awarded would be administrative expenses, and that U & B would be paid *pari passu* with other administrative expenses." These objections are not well-taken. The court finds that valuable services were rendered by the paralegal and the law clerk which reduced the overall expense to the estate by performing these services at rates considerably below those of the attorneys. However, it appears that the hourly rates charged for

these services exceed those customarily charged for similar services on similar cases in the area.[1]  The court will allow $90.00 per hour for compensable services performed by the paralegal and $75.00 per hour for compensable services performed by the law clerk.  The court believes that these rates reflect the current charges for such services in the urban areas of the Eastern District.

    The Estate Representative next objects to what she characterizes as duplicative services performed by U & B.  The Estate Representative does not identify the alleged duplicative services.  Objections made on the basis of duplication of services are usually in regard to billing for more than one attorney in the same firm doing the same work.  "What the Court must avoid is allowing a double charge for the same service where attorneys are acting jointly in the same capacity." *In re Sapolin Paints, Inc.*, 38 B.R. 807, 811 (Bankr. E.D. N.Y. 1984).  There has been no such allegation here.  The Estate Representative makes a vague reference to "duplicative review of emails or pleadings from other counsel on issues of not (sic) significance to the unsecured creditors."  As U & B points out, one does not know whether an e-mail or pleading is significant until one reads it.  This objection is not well-taken.

    The Estate Representative also objects to the amount of time spent on preparation of the Employment Application and the Fee Application, eight and ten hours respectively. U & B contends that the time expended for these efforts was reasonable in comparison to the total time billed (the 10.8 hours to prepare the Fee Application

---

[1] The law clerk is apparently a student law clerk.

6

is less than 5% of the 244.3 total hours billed). Courts have addressed objections to time spent on fee applications in different ways such as reduction of time by a certain percentage or the limitation of compensation to a percentage of the overall fee application. *See In re ACT Mfg., Inc.*, 281 B.R. 468 (Bankr. D. Mass. 2002). Generally speaking, however, professionals are allowed reasonable compensation for the preparation of a fee application. The court finds that the time spent both on U & B's getting retained and preparing the Fee Application was reasonable.

The Estate Representative objects to the paralegal time billed in regard to mechanics' lien filings. U & B responds that the paralegal used the "lien book" referred to by the Estate Representative as a starting point in analyzing the claims and their validity, and did not merely reproduce the material in the book. U & B points out that the analysis was conducted at a time when it was uncertain whether the mechanics' lien holders would waive their claims against the Debtor's estate, and that the paralegal's analysis would have enabled the estate to challenge the validity of some of the liens if they had not. The court agrees with U & B that this objection is not well-taken.

The Estate Representative objects to time spent on research and expense claims for the cost of computer-assisted legal research (WESTLAW). Experienced bankruptcy counsel should not be compensated for time spent on research into relatively common bankruptcy issues. *In re Wire Cloth Products, Inc.*, 130 B.R. 798 (Bankr. N.D. Ill. 1991). Here, however, Ash was dealing with complicated issues that were significant to the outcome of the case. His research time will be allowed. As concerns WESTLAW charges, they are generally billed to

clients and proper use of WESTLAW and other computer-assisted legal research programs represents a time savings in attorney hours on complex questions. These charges will be allowed.

Finally, the court's review of the Fee Application reveals that on October 1, 2004, Ash billed 0.40 hours for assembling a package of materials for overnight delivery. This is secretarial work and the time for it will be disallowed.

In conclusion, the court finds that U & B should be awarded a fee in the amount of $50,664.00 and be reimbursed for expenses in the amount of $1,503.77. An order in conformity with this opinion will be entered separately.

Copies to:

Reuel D. Ash, Esq.
Dennis R. Williams, Esq.
U.S. Trustee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Monday, May 23, 2005
(wsh)**