UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

NORTHERN KENTUCKY
PROFESSIONAL BASEBALL, LLC                    CASE NO. 04-22256
                                              CHAPTER 11

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the Estate Representative's Objection to Claims of various late-filing claimants (Doc. #240) filed herein on January 18, 2006, specifically the objection to Claim No. 96 of the Florence Police Department ("the FPD").  She has withdrawn her objection to Claim No. 97 of the Florence Water & Sewer Department. The Estate Representative maintains that the FPD's claim was filed after the Proof of Claim General Bar Date of February 23, 2005, and was therefore late.[1]  She further maintains that the Governmental Bar Date of March 2, 2005 in not applicable to the FPD's claim because it is for payments to off-duty police officers not acting in their official capacity.  These dates were set by an order entered herein on January 13, 2005 (Doc. #187).

The City of Florence ("the City") filed a Memorandum in Response to Estate Representative's Objection to Claims (Doc. #245) on February 22, 2006, before the Estate Representative withdrew her objection to Claim No. 97.  Therein it argued that both the FPD and the Florence Water & Sewer Department are governmental units within the meaning of Bankruptcy Code section 101(27), and therefore subject to the

---

[1] Both claims were apparently filed on February 25, 2005.

1

Governmental Bar Date of March 2, 2006.  The Estate Representative filed a Reply to the City's Response (Doc. #263) on March 24, 2006, and the City filed a Sur-Reply in Response (Doc. #264) on April 11, 2006.  In her Reply, the Estate Representative withdrew her objection to the claim of the Florence Water & Sewer Department, agreeing that it was a governmental unit subject to the Governmental Bar Date.

As regards the FPD's claim, however, the Estate Representative states that documentation provided by the City shows that the amounts claimed by the FPD are for payment of off-duty officers providing security services at Florence Freedom baseball games at the Debtor's request.  For these reasons, she contends that these services were not performed in the officers' official capacity.  She does not provide any case authority supporting this contention, nor does she explain how the fact that the Debtor requested the services or the circumstances of the officers performing them prevents the FPD from being a governmental entity.

The court would make several observations here.  First of all, the court believes that it is beyond cavil that the Florence Police Department is a governmental entity.  A police department is by its very nature a creature of government.  Secondly, many courts have held that police officers are considered to be on duty 24 hours a day.  While there are no Kentucky cases that directly address the issue before this court, the court in *City of Louisville v. Brown*, 707 S.W.2d 346, 348-49, Ky. App. (1986), observed in addressing an issue involving a traffic control officer that police officers are on duty 24 hours a day.  In *State v. Phillips*, 520 S.E.2d 670, W.Va. (1999), the court held that "an off-duty municipal police officer employed by

2

a private entity as a security guard retains his or her official police officer status even in private employment, unless it is clear from the nature of the officer's activities that he or she is acting in an exclusively private capacity or engaging in his or her private business." *Id.* at 684.

In this instance, the police officers were not employed by a private entity, but provided by the FPD at the request of a private entity, the Debtor, to "police" events to be attended by citizens of Florence and the surrounding area. They were apparently provided as uniform-clad police officers, to perform tasks that police officers perform, e.g., traffic and crowd control. If a police officer can be employed by a private entity as a security guard and retain his or her "official police status," it defies logic to say that FPD officers may not retain the same status here. The court therefore believes that the Estate Representative's Objection to Claim No. 96 of the Florence Police Department should be, and it hereby is, overruled.

Copies to:

Dennis R. Williams, Esq.
Peter E. Koenig, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Friday, May 19, 2006
(wsh)**